|                                            |     |                                     |
|--------------------------------------------|-----|-------------------------------------|
|                                            | *   | IN THE                              |
| ATTORNEY GRIEVANCE COMMISSION OF MARYLAND  | *   | SUPREME COURT                       |
|                                            | *   | OF MARYLAND                         |
| v.                                         | *   | Misc. AG Docket No. 17 September Term, 2021 |
| RAJ SANJEET SINGH                          | *   |                                     |
|                                            | *   | Case No. 486684V Circuit Court for Montgomery County |

## PER CURIAM ORDER

For the reasons set forth below, in an Order issued on February 27, 2023, this Court granted Petitioner's Motion to Dismiss, assessed court costs against Petitioner, and denied Respondent's request for an award of attorney's fees in the above-captioned case.

On July 17, 2019, this Court suspended Raj Sanjeet Singh, Respondent, from the practice of law in Maryland for 60 days, to begin 30 days after the date on which the opinion was filed.  See Attorney Grievance Comm'n v. Singh, 464 Md. 645, 682, 212 A.3d 888, 910 (2019).   This Court did not place any conditions on Respondent's reinstatement.   On July 8, 2021, after an almost two-year period of Respondent's former counsel[1] communicating with and providing information to former Bar Counsel, Lydia Lawless,[2] in an attempt to resolve concerns she had raised about Respondent's potential reinstatement, Respondent filed in this

---

[1]At the time that the petition for reinstatement was filed on July 8, 2021, Respondent was represented by his current counsel.  Before that, Respondent was represented by a different attorney.

[2]Ms. Lawless resigned from the position of Bar Counsel, effective March 17, 2023. For purposes of this Order, to avoid repetition of the term "former," we will refer to Ms. Lawless hereafter as "Bar Counsel."

Court a Verified Petition for Reinstatement. See In the Matter of the Petition for Reinstatement of Raj Sanjeet Singh to the Bar of Maryland, Misc. Docket AG No. 103, September Term, 2020. On July 30, 2021, Bar Counsel filed a response to the petition for reinstatement, raising numerous objections and requesting that this Court deny the petition.

On the same day, July 30, 2021, Bar Counsel, on behalf of the Attorney Grievance Commission of Maryland, Petitioner, filed a Petition for Disciplinary or Remedial Action against Respondent, charging him with violating Maryland Attorneys' Rules of Professional Conduct (MARPC) 1.1 (Competence), 1.15(a) and (c) (Safekeeping Property), 1.16(a)(1) (Declining or Terminating Representation), 3.3(a)(1) (Candor Toward the Tribunal), 5.4(a), (b), and (d) (Professional Independence of an Attorney), 5.5(a) and (b) (Unauthorized Practice of Law; Multi-Jurisdictional Practice of Law), 5.7 (Responsibilities Regarding Law-Related Services), 7.1(a) (Communications Concerning an Attorney's Services), 7.2(a) and (d) (Advertising), 8.1(a) and (b) (Bar Admission and Disciplinary Matters), 8.4(a) (Violating the MARPC), 8.4(b) (Criminal Act), 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation), and 8.4(d) (Conduct that is Prejudicial to the Administration of Justice), and Maryland Rules 19-404 (Trust Account – Required Deposits), 19-407 (Attorney Trust Account – Record-Keeping), and 19-742(b) and (c) (Order of Disbarment or Suspension) (now Maryland Rule 19-741(b) and (c)). The petition consisted of, among other things, allegations that Respondent had violated the MARPC by making false statements in the petition for reinstatement, and engaging in the unauthorized practice of law and failing to divest his law firm and social media accounts of information identifying him as a lawyer while suspended.

On August 30, 2021, Respondent filed a reply to Bar Counsel's response to his petition

2

for reinstatement, contending that Bar Counsel had effectively turned his 60-day suspension into a 2-year one, that Bar Counsel's allegation that he continued to practice law after being suspended was merely based on "suspicions" and "information and belief" and he had substantially complied with what is now Maryland Rule 19-741, and that Bar Counsel was improperly attempting to preempt his reinstatement by bringing a disciplinary action and falsely accusing him of perjury.

On January 10, 2022, this Court heard argument on Respondent's petition for reinstatement, at which Respondent's counsel requested that this Court grant Respondent's reinstatement to the Bar of Maryland and dismiss the pending Petition for Disciplinary and Remedial Action. On January 14, 2022, this Court issued an order reinstating Respondent as a member of the Bar of Maryland. In the order, this Court stated that Respondent's reinstatement was "without prejudice to Bar Counsel establishing the violations alleged in the Petition for Disciplinary and Remedial Action in Misc. Docket AG No. 17 (Sept. 2021 Term) by clear and convincing evidence pursuant to Maryland Rule 19-727(c)[.]"

On August 15, 2022, this Court issued an order designating the Honorable Jeannie E. Cho as the hearing judge.[3] On August 16, 2022, the parties filed in this Court a Joint Motion for Extension of Time to Complete Hearing of Charges. This Court granted the joint motion and ordered that the time to complete the hearing be extended through December 15, 2022. On December 12 and 13, 2022, the hearing judge conducted a hearing.

---

[3]On August 2, 2021, this Court had designated the Honorable Bibi M. Berry of the Circuit Court for Montgomery County to hear the attorney discipline proceeding. Judge Berry recused herself from consideration of the case.

On January 26, 2023, the hearing judge issued an Opinion and Order, which was filed in this Court on January 30, 2023. In the Opinion and Order, the hearing judge concluded that Respondent violated MARPC 1.1, 1.15(a), 1.16(a), 5.4(d), 5.5(b), 7.2, 8.1(b), and 8.4(a), (c), and (d), and Maryland Rules 19-407 and 19-742. The hearing judge concluded that Respondent did not violate MARPC 5.4(a), 5.5(a), and 8.4(b), or Maryland Rule 19-404. The hearing judge found numerous mitigating factors, including the absence of a dishonest or selfish motive, good faith efforts to rectify any misconduct, full and free disclosure to the disciplinary board, cooperative attitude toward the proceedings, character and reputation, imposition of other penalties or sanctions, remorse, and unlikelihood of repetition of any misconduct. In finding the mitigating factor of imposition of other penalties or sanctions, the hearing judge found that Respondent had remained suspended for over 2 years after the term of his original 60-day suspension.

In the Opinion and Order, when addressing the allegation that Respondent had engaged in the practice of law while suspended, the hearing judge stated: "The Court is concerned by Petitioner's repeated claims where there [was] no evidence in support of the same, nor any citation to controlling legal authority. This practice detracts from the points well taken. Petitioner's duty is to protect clients and not to lightly make unproven bald allegations." The hearing judge also concluded that during the period of his suspension, Respondent had not been required "to remove his identifying information from [his firm's] website pursuant to Rule 19-742(c)(2)(E)" (now Maryland Rule 19-741(c)(2)(E)). The hearing judge did not address the allegations that Respondent made false statements in the petition for reinstatement by stating that he was not the subject of a current disciplinary action and by stating that he

4

had complied with Maryland Rule 19-742.

On January 30, 2023, the Clerk of this Court issued a Notice advising the parties that any exceptions to the findings of fact and conclusions of the hearing judge, recommendations concerning the appropriate disposition, or statements of costs to which a party may be entitled under Maryland Rule 19-709 needed to be filed on or before March 1, 2023.

On February 16, 2023, on behalf of Petitioner, Deputy Bar Counsel filed Petitioner's Motion to Dismiss Petition for Disciplinary or Remedial Action, requesting that this Court enter an order dismissing the Petition for Disciplinary or Remedial Action and directing each party to bear its own costs. In the motion, Petitioner stated that, "in light of the significant mitigation found and that [it] d[id] not intend to file any exceptions," it requested "that this Court exercise its discretion and dismiss th[e] matter."

On February 17, 2023, Respondent filed a Response to Petitioner's Motion to Dismiss Petition for Disciplinary or Remedial Action. In the response, Respondent requested that the Court dismiss the Petition with prejudice, and that Petitioner be ordered to reimburse Respondent for costs and reasonable attorney's fees that Respondent incurred in the action.

On February 27, 2023, this Court issued an Order granting Petitioner's Motion to Dismiss Petition for Disciplinary or Remedial Action and dismissing the case with prejudice. This Court denied Respondent's request for reimbursement of attorney's fees. Pursuant to Maryland Rule 19-709(b)(1), the Court ordered Petitioner to pay all court costs, including any court costs resulting from proceedings in the Circuit Court for Montgomery County, as taxed by the Clerk of this Court under the dismissal ordered by the Court. The Court stated that it would address other costs to which each party may be entitled under Maryland Rule 19-709(b)

5

in a forthcoming order. The Court ordered the mandate to issue forthwith.

Prior to entry of the order, pursuant to Maryland Rule 19-740(b), this Court reviewed the hearing judge's findings of fact and conclusions of law and, pursuant to Maryland Rule 19-740(c)(1)(F), determined that no sanction was appropriate and that dismissal of the disciplinary action was warranted. In her Opinion and Order, the hearing judge did not find violations of MARPC 8.4(c) pertaining to intentional dishonesty with respect to Respondent allegedly having made false statements in the petition for reinstatement by claiming that there was no pending disciplinary action and by claiming he had complied with Maryland Rule 19-742. The hearing judge concluded that Respondent violated MARPC 8.4(c) in one instance, specifically, that "Respondent engaged in dishonest behavior by paying personal expenses in the total amount of $2,606.82 from the Firm's operating account."[4] In the instances in which

---

[4]Our case law indicates that an attorney's withdrawal and use of funds from a law firm's operating account for personal or business expenses can constitute a violation of MARPC 8.4(c) where such an action involves the misappropriation of funds. For example, in Attorney Grievance Comm'n v. Mitchell, 386 Md. 386, 393, 399, 872 A.2d 720, 724, 727-28 (2005), we upheld the hearing judge's conclusion that an attorney violated Maryland Rule of Professional Conduct (MRPC) 8.4(c) where the attorney or someone acting at his direction endorsed and deposited a client's settlement check into the law firm's operating account, the attorney closed the law firm's location without giving any notice or indication of where he could be found, and the attorney took the client's money for his own use to buy a motor vehicle, *i.e.*, the attorney stole the client's money. In Attorney Grievance Comm'n v. Webster, 402 Md. 448, 467, 937 A.2d 161, 172 (2007), an attorney violated MRPC 8.4(c) by, among other things, depositing a filing fee, which was to be held in his attorney trust account, into his operating account and then using the funds for general business purposes, thereby engaging in an act of misappropriation. In Attorney Grievance Comm'n v. Nussbaum, 401 Md. 612, 639, 642, 934 A.2d 1, 16, 18 (2007), we upheld the hearing judge's conclusion that an attorney violated MRPC 8.4(c) by misappropriating client funds and misrepresenting to clients that the funds were properly safeguarded where the attorney wrote checks from his escrow account and deposited the funds into his operating account to cover personal expenses. In Attorney Grievance Comm'n v. Roberts, 394 Md. 137, 155, 164, 904 A.2d 557, 568, 573 (2006), we upheld the hearing judge's conclusion that an attorney violated MRPC 8.4(c) by

6

the hearing judge concluded that Respondent had violated other MARPC or Maryland Rules, the violations did not involve complaints by clients or any client harm.[5] In addition, the hearing judge found that allegations that Respondent practiced law during the suspension were baseless.[6] Petitioner's motion to dismiss the Petition for Disciplinary or Remedial Action was supported amply by the record.

Given the approximate 2 years and 5 months that Respondent had been suspended since the imposition of the 60-day suspension in July 2019, any sanction that the Court might have imposed would have served no purpose in furthering the goal of protecting the public. See Attorney Grievance Comm'n v. Collins, 477 Md. 482, 510, 270 A.3d 817, 934 (2022)

---

misappropriating client funds where the attorney transferred all of the proceeds from a client's settlement from his trust account to his operating account, including proceeds belonging to the client and two third-party medical providers, and used the money for his own business and personal needs.

In this case, although the hearing judge found that Respondent used or authorized payments of personal expenses from the firm's operating account totaling $2,606.82, in addressing the mitigating factor of absence of a dishonest or selfish motive, the hearing judge expressly stated that "[t]his case does not involve the misappropriation or theft of funds from clients" and that "Respondent made no money from the Firm and his mishandling of personal expenses were not excessive in terms of the nature of the charges, number of occasions or amounts used." In addition, in addressing the mitigating factor of character and reputation, the hearing judge stated that this case did not involve an "allegation of misappropriation, theft, or personal gain by Respondent[.]" In other words, in concluding that Respondent violated MARPC 8.4(c) by withdrawing funds from his law firm's operating account, the hearing judge did not find or conclude that Respondent engaged in theft or misappropriation as discussed in this Court's case law as being violative of the Rule.

[5]None of the allegations in the Petition for Disciplinary or Remedial Action involved a complaint by a client.

[6]The hearing judge concluded that Respondent did not violate MARPC 5.5(a), which pertains to the unauthorized practice of law. Rather, the hearing judge concluded that Respondent had violated MARPC 5.5(b) by continuing to maintain attorney trust and operating accounts that bore the names "Law Office of Raj S. Singh CPA ESQ PC" and "Raj Singh CPA ESQ PC." MARPC 5.5(b) pertains, in relevant part, to an attorney who is not admitted holding out that the attorney is admitted to practice law.

("This Court sanctions a lawyer not to punish the lawyer, but instead to protect the public and the public's confidence in the legal profession." (Citation omitted)). Given the circumstances of the case, this Court exercised its discretion and concluded that no sanction was appropriate and dismissed the case. See Attorney Grievance Comm'n v. Jackson, 477 Md. 174, 224-25, 269 A.3d 252, 282 (2022) ("Given the significant delay in the investigation of this matter and the specific recommendations made by Bar Counsel, as well as the presence of the other considerable mitigating factors, we exercise our discretion and determine that no sanction is appropriate in this case.").

In the February 27, 2023 Order, this Court denied Respondent's request for reimbursement of attorney's fees. As is well established, "Maryland generally adheres to the common law, or American rule, that each party to a case is responsible for the fees of its own attorneys, regardless of the outcome." Friolo v. Frankel, 403 Md. 443, 456, 942 A.2d 1242, 1250 (2008) (citations omitted). As such, generally, a prevailing party is not awarded attorney's fees, with a few recognized narrow exceptions: "(1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution." Nova Research, Inc. v. Penske Truck Leasing Co., 405 Md. 435, 445, 952 A.2d 275, 281 (2008) (cleaned up). See also Friolo, 403 Md. at 456, 942 A.2d at 1250 (One exception to the American Rule is fee-shifting, "or the statutorily-imposed obligation to pay the opponent's attorneys' fees[.]" (Citation omitted)). No Rule or statute in Maryland authorizes a prevailing party in a disciplinary proceeding to recover attorney's fees from the other party and, specifically, no

8

Rule authorizes a respondent in a disciplinary proceeding to recover attorney's fees from the Attorney Grievance Commission. Instead, Maryland Rule 19-709(b)(6) provides that attorney's fees are excluded from the reasonable and necessary expenses that a prevailing party may be entitled to in a disciplinary proceeding. And, no other exception to the American Rule applies to the circumstances of this case.

In his response to Petitioner's motion to dismiss, in requesting an award of attorney's fees, Respondent used language suggestive of the standard set forth in Maryland Rule 1-341(a) but did not explicitly cite or rely on the Rule.[7] Under Maryland Rule 1-341(a),

> [i]n any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification, the court, on motion by an adverse party, may require the offending party or the attorney advising the conduct or both of them to pay the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorneys' fees, incurred by the adverse party in opposing it.

Although the civil rules of discovery apply in attorney disciplinary proceedings, see Md. R. 19-726(a), and, except as otherwise provided by the Rules in Chapter 700 of Title 19, the hearing of a disciplinary action "is governed by the rules of evidence and procedure applicable to a non-jury trial in a civil action in a circuit court[,]" Md. R. 19-727(a), attorney disciplinary proceedings are not civil actions. As such, under the plain language of the Rule, Maryland Rule 1-341 does not apply. See, e.g., Attorney Grievance Comm'n v. Patterson, 421 Md. 708, 724, 28 A.3d 11961205 (2011) ("In attorney discipline proceedings, this Court has original and complete jurisdiction and conducts an independent review of the record. . . . The

---

[7]For instance, in the response, Respondent stated that "Petitioner charged [him] on the basis of 'unproven bald allegations' and the suspicions of a prosecutor who pled them without a substantial factual basis."

clear and convincing standard of proof lies somewhere between a preponderance of evidence standard, which is generally applied to civil cases, and beyond a reasonable doubt standard, which is applied to most crimes." (Cleaned up)).

Respondent did not cite or rely on Maryland Rule 1-341, but instead appeared to ask the Court to use its discretion to fashion an equitable award of attorney's fees. Insofar as Respondent requested that the Court fashion an equitable remedy and award reasonable attorney's fees, in the absence of an applicable Rule authorizing an award of attorney's fees to a respondent in a disciplinary proceeding, and given the express exclusion of attorney's fees as reasonable and necessary expenses under Maryland Rule 19-709, this Court applies the American Rule on attorney's fees. This Court, therefore, denied Respondent's request for an award of attorney's fees.

This Court is also mindful that, under Maryland Rule 19-705(a), the Attorney Grievance Disciplinary Fund consists of contributions by attorneys, income from those contributions, and costs recovered pursuant to law or court order, and the Disciplinary Fund is dedicated entirely to purposes established by the Rules in Title 19. Under Maryland Rule 19-705(b), as a condition precedent to the practice of the law, each Maryland attorney must pay an annual assessment in an amount set by this Court. Both the Attorney Grievance Commission and this Court must act as responsible stewards of the Disciplinary Fund, and there is no Maryland Rule authorizing payment of attorney's fees from the Disciplinary Fund to a respondent as the prevailing party in a disciplinary proceeding.

In the February 27, 2023 Order, this Court directed that, pursuant to Maryland Rule 19-709(b)(1), Petitioner pay all court costs, including any court costs resulting from

10

proceedings in the Circuit Court for Montgomery County, as taxed by the Clerk of this Court. Under Maryland Rule 19-709(a), except as provided in section (c) of the Rule,[8] unless this Court orders otherwise, the prevailing party in proceedings under Chapter 700 of Title 19 of the Rules is entitled to reasonable and necessary costs. In this case, Respondent is the prevailing party because the case was dismissed and, as in other cases that have resulted in dismissals, this Court ordered pursuant to Maryland Rule 19-709(b)(1) that court costs be assessed against Petitioner. See, e.g., Jackson, 477 Md. at 225, 269 A.3d at 282 (This Court dismissed the case, stated that the matter was not to "be construed as an adverse disciplinary action by this Court[,]" and ordered Petitioner to "pay all costs as taxed by the Clerk of this Court under the dismissal ordered by the Court." (Cleaned up)). In Attorney Grievance Comm'n v. Dyer, 453 Md. 585, 683-84, 162 A.3d 970, 1027 (2017), this Court dismissed the charges as to one attorney, concluding that there was not clear and convincing evidence that she violated any Maryland Lawyers' Rules of Professional Conduct, reprimanded another attorney, and ordered Petitioner to "pay all costs as taxed by the Clerk of this Court, including costs of all transcripts, pursuant to Maryland Rule 19-709(d), for which sum judgment" was entered in favor of the attorneys against the Attorney Grievance Commission. (Cleaned up)).

The remaining issue in the case relates to the parties' costs under Maryland Rule 19-709(b)(2)-(6). Under Maryland Rule 19-709(b)(2) through (6), the parties' costs are defined as reasonable and necessary fees and expenses paid to an expert witness who testified at the

---

[8]Maryland Rule 19-709(c) provides: "In proceedings for reinstatement under Rules 19-751 or 19-752, the attorney shall pay all court costs and costs of investigation and other proceedings on the petition, including the costs of physical and mental examinations, transcripts, and other reasonable expenditures necessary to evaluate the petition."

disciplinary hearing, reasonable and necessary travel expenses of a witness who is not an expert witness, reasonable and necessary costs for transcripts and expenses for a court reporter or a reporting service, and "other reasonable and necessary expenses, excluding attorneys' fees, incurred in investigating the claims and in prosecuting or defending against the petition for disciplinary or remedial action" before the hearing judge or in this Court. As the prevailing party in this disciplinary proceeding, except as provided in section (c) of the Rule, unless this Court orders otherwise, Respondent is entitled to reasonable and necessary costs as described in Maryland Rule 19-709(b)(2)-(6).

For all of the reasons stated herein, this Court issued the February 27, 2023 Order in the above case. Now, therefore, in accord with the Order of February 27, 2023, it is this 7th day of April 2023, by the Supreme Court of Maryland,

ORDERED, that Respondent file a statement of costs setting forth the costs to which Respondent claims to be entitled under Maryland Rule 19-709(b)(2)-(6) on or before May 8, 2023; and it is further

ORDERED, that within 15 days after service of Respondent's statement of costs, Petitioner may, if it chooses, file a response; and it is further

ORDERED, that the February 27, 2023 Order of the Court is incorporated herein.

/s/ Matthew J. Fader
Chief Justice

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

12