946 A.2d 1009

ATTORNEY GRIEVANCE COMMISSION of Maryland

v.

Carol Long McCULLOCH.

Misc. Docket (Subtitle AG) No. 3, Sept. Term, 2007.

Court of Appeals of Maryland.

April 21, 2008.

Fletcher P. Thompson, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel, Atty. Grievance Commission), for Petitioner.

No argument on behalf of Respondent.

Argued before BELL, C.J., RAKER, HARRELL, BATTAGLIA, GREENE, ALAN M. WILNER (Retired, Specially Assigned) and DALE R. CATHELL (Retired, Specially Assigned), JJ.

BELL, Chief Judge.

Bar counsel, acting on behalf, and with the approval, of the petitioner, the Attorney Grievance Commission of Maryland, filed in this Court, pursuant to Maryland Rule 16–751,[1] a Petition For Disciplinary or Remedial Action, in which, consistent with complaints filed by Bar Counsel and one of her divorce clients, the respondent, Carol Long McCulloch, was charged with violations (some multiple) of various of the Maryland Rules of Professional Conduct, as adopted by Maryland Rule 16–812, namely, Rules 1.1, Competence,[2] 1.2, Scope of Representation,[3] 1.3, Diligence,[4] 1.4, Communication,[5] 1.15,

---

1. Maryland Rule 16–751, as relevant, provides:

   "(a) *Commencement of disciplinary or remedial action.* (1) Upon approval of the Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2. Rule 1.1 provides:

   "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

3. Rule 1.2 provides, as relevant:

   "(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify."

4. Pursuant to that Rule "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

5. Rule 1.4 provides:

Safekeeping Property,[6] 1.16, Declining or Terminating Representation,[7] 3.4, Fairness to Opposing Party and Counsel,[8] 8.1, Bar Admission and Disciplinary Matters,[9] 8.4, Miscon-

"(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

6. Maryland Rule 1.15 provides, in pertinent part:

"(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and of other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.
"(b) A lawyer may deposit the lawyer's own funds in a client trust account for the sole purpose of paying bank service charges on that account, but only in an amount necessary for the purpose.
"(c) Unless the client gives informed consent, confirmed in writing, to a different arrangement, a lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred."

7. As relevant, Rule 1.16 provides:

\* \* \* \*

"(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law."

8. Rule 3.4 provides:
"A lawyer shall not:

\* \* \* \*

"(c) Knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists...."

9. Pertinently, Rule 8.1 provides:
"An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

duct,[10] Maryland Rule 16–604, Trust Account–Required Deposits.[11] The petition also alleged that the respondent violated Maryland Code (1989, 2004 Repl.Vol.) § 10–304, Deposit of Trust Money [12] of the Business Occupations and Professions Article.

We referred the case, pursuant to Rule 16–752(a),[13] to the Honorable Michael M. Galloway, of the Circuit Court for

---

* * * *

"(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

10. Rule 8.4, as relevant, provides:
"It is professional misconduct for a lawyer to:
"(a) Violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
* * * *
"(d) engage in conduct that is prejudicial to the administration of justice."
* * * *

11. Maryland Rule 16–604 provides:
"Except as otherwise permitted by rule or other law, all funds, including cash, received and accepted by an attorney or law firm in this State from a client or third person to be delivered in whole or in part to a client or third person, unless received as payment of fees owed the attorney by the client or in reimbursement for expenses properly advanced on behalf of the client, shall be deposited in an attorney trust account in an approved financial institution. This Rule does not apply to an instrument received by an attorney or law firm that is made payable solely to a client or third person and is transmitted directly to the client or third person."

12. Maryland Code (1989, 2004 Repl.Vol.) § 10–304 of the Business Occupations and professions Article provides:
"(a) Except as provided in subsection (b) of this section, a lawyer expeditiously shall deposit trust money into an attorney trust account.
"(b) Subsection (a) of this section does not apply if there is a court order to the contrary.
"(c) Notwithstanding subsection (a) of this section or any other law, a lawyer may disburse, at settlement in a real estate transaction, trust money that the lawyer receives in the transaction."

13. Rule 16–752(a) provides:
"(a) Order. Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a

Carroll County, for hearing pursuant to Rule 16–757(c).[14] The respondent did not answer the petition and, therefore, an Order of Default was entered against her. When she did not move to vacate the Order of Default, a default hearing, at which the respondent neither appeared nor participated was held, after which the court found facts by clear and convincing evidence and drew conclusions of law.

As to Bar Counsel's complaint, the hearing court found the following facts:

One day after filing a Petition For Modification of Custody, on behalf of her client, the respondent filed a Petition For Ex Parte Relief, alleging that the custodial parent intended to expose the minor child to drug dealers and stating that she and her client would appear ex parte in court on the following Monday for the purpose of seeking sole legal custody, both *pendente lite* and permanently, of the couple's son. Although the respondent wrote to the defendant advising her of the filing of the petition for ex parte relief and the date, time and presiding judge, she neglected to enclose copies of the court filings, and, contrary to what was said in the letter, no hearing had at that time been set before the judge named. Responding to the respondent's letter, the defendant obtained counsel and appeared with the respondent and her client at the time, and in the court, designated. The judge who heard the matter, who also happened to be the judge the respondent

---

judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

14. Maryland Rule 16–757(c) provides:

"(c) Findings and conclusions. The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

named in her petition, denied the ex parte relief and, instead, directed, by order, that "the matter proceed in a normal, timely fashion." Pointing to "the procedures employed by the Plaintiff and her counsel and the legal costs foreseeably imposed upon the Defendant by the Plaintiff's actions," the judge assessed attorney's fees, in an amount to be determined after the defendant's request for fees and the respondent's answer, against the respondent and her client, jointly and severally.

The respondent did not respond to the defendant's request for counsel fees. As a result, the judge ordered the respondent, and expressly not her client, to pay the defendant counsel fees of $750.00. The fees were to be reimbursed in thirty (30) days. When the respondent did not pay within thirty (30) days, the defendant filed a petition for contempt. Although the respondent did not respond to the petition and judgment was entered against the respondent for $750.00, an order of satisfaction of the judgment was subsequently filed.

The petitioner, by letter, sought an explanation from the respondent with respect to the court's order of counsel fees and the reason that the respondent did not timely comply with that order. The respondent failed to respond in the time requested, prompting a second letter from the petitioner. This letter was returned unclaimed. When the petitioner's investigator spoke to the respondent about the matter, she indicated that she had responded and, having been informed that it had not been received, that, she would locate [15] and forward another copy of the response. This was never done.

As to the complaint of Gladys Bellamy, one of the respondent's former clients, the court found:

The respondent agreed to represent the complainant in divorce proceedings against her husband, who resided in California. They entered into a retainer agreement, which called for a flat fee of $ 750.00 and the payment of the $ 120.00

---

15. The respondent explained that her office had had flooding, which explained the reason she had to locate the file.

filing fee. That filing fee and the fee were paid over time, according to the complainant, "she paid respondent . . . in six $ 100.00 payments and a final payment of $ 150.00 on September 30, 2005."

After the retainer had begun to be paid, but before it was completed, the respondent filed, in the Circuit Court for Carroll County, a Complaint for Absolute Divorce on the complainant's behalf and caused a summons to be issued. When that summons and the complaint, which were served by certified mail, were not picked up by the complainant's husband, the respondent informed the complainant that she would try to serve him once again by "registered mail." After more than a month had passed, the complainant e-mailed the respondent at the e-mail address at which she previously had e-mailed the respondent, but that e-mail was returned as undeliverable. Subsequently, the court, pursuant to the respondent's request, reissued the summons for the complainant's husband. Thereafter, before filing a complaint with the petitioner, the complainant sought to contact the respondent at her home, without success, even though automobiles were in the driveway.

In an attempt to get the respondent's response to the complaint, Bar Counsel sent a letter to the respondent, enclosing the complaint, and asking that she respond in fifteen (15) days. When the respondent did not timely respond, Bar Counsel sent another letter, this time by certified mail, requesting response by ten (10) days. That letter was returned unclaimed.

A third letter, again by certified mail, was mailed to the respondent. The respondent acknowledged receipt of the letter, by signing the return receipt card. The respondent however did not respond to the third letter either.

The complainant's divorce action was dismissed following the respondent's failure to take any action in response to the Notice of Contemplated Dismissal, pursuant to Maryland Rule

2-507.[16]   The respondent did not inform the complainant of the dismissal of her case.  But the respondent had not communicated with the complainant since November 2005.  Nor did the respondent refund to the complainant any of the retainer or give her an explanation as to why she did not.  In an interview with the petitioner's investigator, the respondent explained that she had not placed any of the complainant's retainer in escrow "because she had charged a flat fee."  Moreover, she told the investigator that she believed that she had sent a response to the complaint and, having learned that one had not been received, promised that she would locate one-made necessary by flooding in her office—and mail it to the petitioner.  No response was ever sent.

On these findings of fact, the hearing court drew conclusions of law.  As the Bar Counsel's Complaint, it concluded:

*"Respondent's conduct violates Rule 1.1.*

"Respondent's actions show a lack of the legal knowledge, as required by Rule 1.1, to obtain a hearing on an emergency basis.  It is apparent that she did not consult Rule 1-351, which provided that she certify that all parties had been given notice of the time and place of her presentation of her application.  She was also seemingly unaware of the require-

---

**16.**  Maryland Rule 2-507, as relevant, provided:

"(b) *For Lack of Jurisdiction.*  An action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant.

"(c) *For Lack of Prosecution.*  An action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry, other than an entry made under this Rule, Rule 2-131, or Rule 2-132, except that an action for limited divorce or for permanent alimony is subject to dismissal under this section only after two years from the last such docket entry.

"(d) Notification of Contemplated Dismissal.  When an action is subject to dismissal pursuant to this Rule, the clerk, upon written request of a party or upon the clerk's own initiative, shall serve a notice on all parties pursuant to Rule 1-321 that an order of dismissal for lack of jurisdiction or prosecution will be entered after the expiration of 30 days unless a motion is filed under section (e) of this Rule."

ment of Rule 2–311(d) that a motion based on facts not in the record be supported by an affidavit setting forth the necessary acts under oath and advised the opposing party that the request would be heard at a particular time. As a result of her failure to comply with the Rules, she subjected her client to a motion for counsel fees. Her conduct displays a lack of competence in violation of Rule 1.1.

*"Respondent's conduct violates Rule 8.1(b).*

"The evidence shoes that respondent ignored letters from petitioner dated April 28, 2006 and May 11, 2006. There can be no question that she received them, as she told petitioner's investigator on October 2, 2006 that she believed that she had mailed in an answer to both of the complaints that are the subject of this litigation. However, no answer was ever received.

*"Respondent's conduct violates 8.4(d).*

"Respondent violated Rule 8.4(d) both for the reasons stated in the discussion of Rule 1.1 and also by failing to pay the $750.00 judgment entered against her within 30 days as required by the court's order of February 13, 2006. While her interview would indicate that she may have been under financial distress, she made no representations to this effect in response to the contempt petition filed by Ms. Hamilton, in a written submission to Bar Counsel, or in this proceeding. Therefore, the evidence supports the finding that her failure to pay as directed by the court was conduct prejudicial to the administration of justice."

With respect to the Galloway complaint:

*"Respondent's conduct violates Rule 1.1.*

"Rule 1.1 provides:

"A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

"Compliance with the Rule requires more than knowing what to do. It requires applying the knowledge to the client's

problem. The Court of Appeals has said, "Evidence of a failure to apply the requisite thoroughness and/or preparation in representing a client is sufficient alone to support a violation of Rule 1.1." *Attorney Grievance Commission v. Guida,* 391 Md. 33, 891 A.2d 1085, 1097 (2006). In *Guida,* the Court of Appeals held that the failure of an attorney to pursue a client's adoption case after taking a fee, even if the attorney knew what to do, violated Rule 1.1. Respondent's conduct is similar to *Guida's.* She took a fee and then abandoned the representation after commencing the litigation. Like Guida, she violated Rule 1.1.

*"Respondent's conduct violates Rule 1.2*

"The evidence shows that respondent did not abide by the client's decision regarding the objectives of the representation. Complainant's objective was to obtain a divorce. Instead of purs[u]ing this objective, respondent allowed the case to be dismissed and stopped pursuing the matter altogether. Thus, she failed to abide by the client's decisions regarding the objective of the representation and violated Rule 1.2.

*"Respondent's conduct violates Rule 1.3.*

"The evidence shows that respondent failed to act with 'diligence and promptness' as required by Rule 1.3, for the same reasons discussed under Rules 1.1 and 1.2. She abandoned efforts to serve the defendant and took no action after receiving the notice of contemplated dismissal. This is an extreme lack of diligence and a violation of Rule 1.3.

*"Respondent's conduct violates Rule 1.4*

"The evidence shows that respondent violated Rule 1.4(a)(2) by failing to keep the client informed about the status of the matter. From November 2005 onward, she failed to communicate with her client about the client's case. She did not advise her of the status of service on her husband or of the contemplated dismissal of her case or the dismissal itself. She changed her e-mail address without telling Ms. Bellamy, thus inhibiting communication. Ms. Bellamy became so frustrated with the lack of communication, she even went to respondent's residence but received no answer after she knocked on the

door even though there were vehicles in the driveway. Respondent clearly violated Rule 1.4.

*"Respondent's conduct violates Rule 1.15(a) and Md. Bus. Occ. & Prof.Code Ann., § 10–304*

"The evidence shows that respondent placed the entire $ 750.00 payment in her operating account at the time it was paid. The fee was for the entire representation and, because respondent's only substantive action was to file the divorce complaint, most of it was unearned at the time it was deposited in her operating account. Because respondent had not earned the entire fee, some portion of it belonged to the client and met the definition of 'trust money' pursuant to BOP § 10–301(d).

"Respondent's failure to place these funds in her escrow account violates Rule 1.15(a), which requires an attorney to keep the client's property separate from her own, and BOP § 10–304, which requires an attorney to keep the client's property separate from her own, and BOP § 10–304, which requires a lawyer to deposit trust money into a trust. *Attorney Grievance Commission v. Ficker,* [399 Md. 445, 453–54,] 924 A.2d 1105, 1111 (2007) (depositing unearned flat fee in operating account violates Rule 1.15(a)); *Attorney Grievance Commission v. McCulloch,* [397 Md. 674, 684–86,] 919 A.2d 660, 666, 667–68 (respondent concedes that evidence was sufficient to establish to establish violations of Rule 1.15 and § 10–304 upon showing that she deposited unearned retainer into operating account).

*"Respondent's conduct violates Rule 1.16(d).*

"Rule 1.16(d) requires that '[u]pon termination of a representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... refunding any advance payment of fee or expense that has not been earned or incurred." In this case, respondent's fee agreement called for a flat fee of $ 750.00 to handle her divorce case. Respondent filed the case but then was unable to serve the defendant and eventually abandoned the representation without advising complainant that her case was dismissed for lack

of prosecution. She did only a portion of the work required, did not achieve the client's objective, and kept the entire fee. It is without argument that she did not earn the entire fee and was not entitled to retain all of it. Her failure to refund a portion of it violates Rule 1.16(d). *Attorney Grievance Commission v. Rose,* [391 Md. 101,] 892 A.2d 469 (2006) (failure to refund unearned fee for more than one year after discharge violates Rule 1.16(d)); *Attorney Grievance Commission v. Tinsky,* [377 Md. 646,] 835 A.2d 542 (2003) (failure to return unearned fee after abandonment of representation violates Rule 1.16(d)). "Respondent's conduct violates Rule 8.1(b).

"The evidence establishes that respondent deliberately did not answer letters from Bar Counsel dated April 5, May 2, and May 18, 2006. There is no question that she was aware of these letters as she signed for the third one and told respondent's investigator that she had mailed in a response. When she was told that no response had been received, she promised to mail in another one but never did. This is a knowing failure to answer Bar Counsel in violation of Rule 8.1(b).

*"Respondent's conduct violates Rule 8.4(c).*

"By spending fiduciary funds on herself, respondent engaged in dishonest conduct in violation of Rule 8.4(c). Respondent's conduct is virtually identical to that of the respondent in *Attorney Grievance Commission v. Duvall,* [384 Md. 234,] 863 A.2d 291 (2004). In that case, respondent received a $ 1700 advance payment, of which $ 1500 w[ere] for fees, in connection with services regarding the placement of the client's sister in the National Lutheran Home for the Aged. Respondent eventually abandoned the representation and did not respond to the client's requests for an accounting of the funds. Her office telephone was disconnected. After the client complained to the Attorney Grievance Commission, she failed to respond to Bar Counsel. Like respondent here, she did not account for or refund the fee, even though in her last billing she stated that the client had a positive balance of $ 1, 097.50, and did not participate in the disciplinary proceedings based on client's complaint. The hearing judge found that

respondent's conduct violated Rule 8.4(c) and the Court of Appeals disbarred respondent based on this finding.

*"Respondent's conduct violates Rule 8.4(d).*

"Respondent's failure to pursue her client's objectives, respond to the notice of dismissal, communicate with her client, or refund an unearned fee are all prejudicial to the administration of justice. Respondent violated Rule 8.4(d) in her representation of complainant."

No exceptions were filed to the hearing court's findings of fact or conclusions of law. As indicated, the respondent neither responded to the Petition for Disciplinary or Remedial Action nor appeared or participated in the hearing on that petition. Consistently, she neither filed exceptions to the hearing court's Findings of Fact and Conclusions of Law. The petitioner, in its Petitioner's Recommendation For Sanctions, expressly declined to take exceptions to the Findings of Fact and Conclusions of Law. Thus, pursuant to Rule 16–759(b)(2)(A), no exceptions having been taken, *i.e.* filed, we will "treat the findings of fact as established for the purpose of determining appropriate sanctions, if any." *See e.g., Attorney Grievance Comm'n v. Wingerter,* 400 Md. 214, 229 n. 10, 929 A.2d 47, 56 n. 10 (2007); *Attorney Grievance Comm'n v. Lawson,* 401 Md. 536, 572 n. 12, 933 A.2d 842, 864 n. 12 (2007); *Attorney Grievance Comm'n v. Logan,* 390 Md. 313, 319, 888 A.2d 359, 363 (2005).

The petitioner recommends that the respondent be disbarred. The basis for the recommendation is this Court's rather recent indefinite suspension of the respondent for misconduct quite similar to that with which she was charged and found to have engaged in the instant case—placing an unearned fee in her operating account, spending it for personal purposes before it was earned, failing to communicate with her client, retaining the fee even after the case in which she was retained had been dismissed for lack of prosecution, failing to respond to Bar Counsel's inquiries concerning her client's complaint. *Attorney Grievance Comm'n v. McCulloch,* 397 Md. 674, 919 A.2d 660 (2007). The petitioner submits, "[i]t

is clear that she has learned nothing from the previous complaint," and concludes:

"Respondent's violation of Rule 8.4(c) by spending money belonging to her client and her failure to return any portion of an unearned fee is in itself sufficient to warrant her disbarment. *Attorney Grievance Commission v. Vanderlinde,* 364 Md. 376[, 773 A.2d 463] (2001); *Attorney Grievance Commission v. Roberts,* 394 Md. 137[, 904 A.2d 557] (2006); *Attorney Grievance Commission v. Duvall,* 384 Md. 234[, 863 A.2d 291] (2004) (suspended attorney disbarred when evidence showed she abandoned client and did not return unearned fee); *Attorney Grievance Commission v. Tinsky,* 377 Md. 646[, 835 A.2d 542] (2003) (abandonment of client and failure to return unearned fee warrants disbarment). Moreover, her conduct shows a complete disregard for obligations to her clients, the court, and Bar Counsel. She should be disbarred."

The purpose of attorney discipline is the protection of the public, not the punishment of the erring attorney. *E.g., Attorney Grievance Comm'n v. Hill,* 398 Md. 95, 103, 919 A.2d 1194, 1198 (2007); *Attorney Grievance Comm'n v. Robertson,* 400 Md. 618, 642, 929 A.2d 576, 590; *Attorney Grievance Comm'n v. Holt,* 391 Md. 673, 682, 894 A.2d 602, 607 (2006). In determining what sanction will best serve that purpose, we have determined the facts and circumstances of the misconduct to be instructive. *E.g., Attorney Grievance Comm'n v. Siskind,* 401 Md. 41, 75, 930 A.2d 328, 347 (2007); *Attorney Grievance Comm'n v. Mahone,* 398 Md. 257, 269, 920 A.2d 458, 465 (2007). Also important are the presence or absence of mitigating factors and the prior disciplinary history of the attorney, *see e.g., Attorney Grievance Comm'n v. Goff,* 399 Md. 1, 31, 922 A.2d 554, 572 (2007); *Wingerter,* 400 Md. at 224, 929 A.2d at 53, particularly as it reveals the presence or absence of misconduct of the same, or similar, kind to that being addressed.

In this case, there has been presented no mitigating factors or evidence. There is, however, a disciplinary history that

evidences rather recent misconduct of the same or similar kind. For that reason, we agree with the petitioner that disbarment is the appropriate sanction.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSU- ANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTOR- NEY GRIEVANCE COMMISSION AGAINST CAROL L. McCULLOCH.