Attorney Grievance Commission v. Floyd Reynard Blair, Misc. Docket AG No. 49, Sept. Term, 2013, Opinion by Battaglia, J.

**ATTORNEY DISCIPLINE - SANCTIONS - DISBARMENT**

Disbarment is the appropriate sanction when an attorney accepts a fee to perform agreed-upon legal work, and abandons the client without performing the work and without returning the unearned fee. Such conduct demonstrates a lack of competence and diligence, reflects a failure to communicate with the client, involves an improper termination of the attorney-client relationship and is prejudicial to the administration of justice. MLRPC 1.1, 1.3, 1.4(a)(2), 1.5(a), 1.15(a) and (c), 1.16(d), and 8.4(a), (c) and (d).

Circuit Court for Montgomery County,
Maryland
Case No. 29316-M
Argued: September 3, 2014

Misc. Docket AG No. 49

September Term, 2013

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

FLOYD REYNARD BLAIR

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,
JJ.

Opinion by Battaglia, J.

Filed: October 28, 2014

Floyd Reynard Blair, Respondent, was admitted to the Bar of this Court on June, 19, 2002. On September 30, 2013, the Attorney Grievance Commission, ("Petitioner" or "Bar Counsel"), acting pursuant to Maryland Rule 16-751(a),[1] filed a "Petition For Disciplinary or Remedial Action" against Respondent, related to a complaint filed by Ms. Cheryl Nelson, which involved Respondent's acceptance of a $1,500.00 retainer from her, Respondent's failure to competently represent her and Respondent's abandonment of her as a client. Petitioner alleged that Respondent violated the following Maryland Lawyers' Rules of Professional Conduct ("Rule"): 1.1 (Competence),[2] 1.3 (Diligence),[3] 1.4(a)(2) (Communication),[4] 1.5(a) (Fees),[5]

---

[1] Rule 16-751(a) provides, in relevant part:
> (a) **Commencement of disciplinary or remedial action.** (1) Upon approval or direction of Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals.

[2] Rule 1.1 provides:
> A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[3] Rule 1.3 states:
> A lawyer shall act with reasonable diligence and promptness in representing a client.

[4] Rule 1.4 states in pertinent part:
> (a) A lawyer shall:
> ***
> (2) keep the client reasonably informed about the status of the matter;

[5] Rule 1.5 provides in relevant part:
> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the

(continued…)

Rule 1.15(a) and (c) (Safekeeping Property),[6] 1.16(d) (Declining or Terminating Representation),[7] and 8.4(a), (c) and (d) (Misconduct).[8]

---

(continued…)

    particular employment will preclude other employment of the lawyer;
    (3) the fee customarily charged in the locality for similar legal services;
    (4) the amount involved and the results obtained;
    (5) the time limitations imposed by the client or by the circumstances;
    (6) the nature and length of the professional relationship with the client;
    (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
    (8) whether the fee is fixed or contingent.

[6] Rule 1.15 states in relevant part:

    (a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. Other property shall be identified specifically as such and appropriately safeguarded, and records of its receipt and distribution shall be created and maintained. Complete records of the account funds and of other property shall be kept by the lawyer and shall be preserved for a period of at least five years after the date the record was created.

                       \*\*\*

    (c) Unless the client gives informed consent, confirmed in writing, to a different arrangement, a lawyer shall deposit legal fees and expenses that have been paid in advance into a client trust account and may withdraw those funds for the lawyer's own benefit only as fees are earned or expenses incurred.

[7] Rule 1.16(d) provides:

    (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[8] Rule 8.4 states in relevant part:

    It is professional misconduct for a lawyer to:

(continued…)

In an Order dated October 1, 2013, we referred the matter to Judge Robert A. Greenberg of the Circuit Court for Montgomery County for a hearing, pursuant to Rule 16-757.[9] Respondent was personally served with the Petition for Disciplinary or Remedial

---

(continued…)

(a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

***

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

[9] Rule 16-757 provides:

**(a) Generally.** The hearing of a disciplinary or remedial action is governed by the rules of evidence and procedure applicable to a court trial in a civil action tried in a circuit court. Unless extended by the Court of Appeals, the hearing shall be completed within 120 days after service on the respondent of the order designating a judge. Before the conclusion of the hearing, the judge may permit any complainant to testify, subject to cross-examination, regarding the effect of the alleged misconduct. A respondent attorney may offer, or the judge may inquire regarding, evidence otherwise admissible of any remedial action undertaken relevant to the allegations. Bar Counsel may respond to any evidence of remedial action.

**(b) Burdens of Proof.** The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence.

**(c) Findings and Conclusions.** The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party.

**(d) Transcript.** The petitioner shall cause a transcript of the hearing to be prepared and included in the record.

(continued…)

Action, our Order, the Writ of Summons, Interrogatories, a Request for Production of Documents, and a Request for Admission of Facts and Genuineness of Documents, but did not file a response to the Petition, to the discovery requests, or to the Requests for Admission. Bar Counsel filed a Motion for an Order of Default on January 13, 2014, which was granted. A hearing was set for March 5, 2014, but was continued to enable Respondent to move to vacate the default, should he choose to do so, which he did not. A hearing, which Respondent did not attend, was held on March 25, 2014. After the hearing, Judge Greenberg issued Findings of Fact and Conclusions of Law in which he found, by clear and convincing evidence, that Respondent violated all the Rules alleged by the Petitioner: Rules 1.1, 1.3, 1.4(a)(2), 1.5(a), 1.15(a) and (c), 1.16(d), and 8.4(a), (c) and (d) of the Maryland Lawyers' Rules of Professional Conduct.

Judge Greenberg made the following findings regarding Respondent's background and representation of Ms. Nelson:

> On or about November 10, 2011, Complainant Cheryl A. Nelson retained Respondent for representation in a family law custody case, *Troy D. Nelson, Sr. v. Cheryl A. Nelson*, Case No. 24D11003128 in the Circuit Court for Baltimore City. Ms. Nelson paid Respondent $1,500.00 in furtherance of that representation.
> Despite the agreement to represent Ms. Nelson, Respondent provided no services of value whatsoever in furtherance of the representation and ultimately abandoned the representation.
> By the time Ms. Nelson retained Respondent, an order of default had been entered against her. Respondent filed a motion to vacate the order of Default, but the Court rejected this motion because the attorney appearance fee ($20.00) was not paid and because the certificate of service did not

---

(continued…)

> **(e) Transmittal of Record.** Unless a different time is ordered by the Court of Appeals, the clerk shall transmit the record to the Court of Appeals within 15 days after the statement of findings and conclusions is filed.

address plaintiff's counsel. Despite being informed of these omissions, Respondent never corrected them and never submitted an amended motion. Respondent also failed to appear for a subsequent hearing in Ms. Nelson's case on June 19, 2012, even though Ms. Nelson, upon receipt of the court's notice, promptly informed Respondent of the date. Thereafter, Respondent did nothing further in Ms. Nelson's case.

As a result of Respondent's failure to complete the representation, and more specifically, Respondent's failure to appear on June 19, 2012, Ms. Nelson contacted Respondent and terminated the representation. Ms. Nelson also requested that Respondent return the $1,500.00. Although Respondent agreed to refund this amount, Respondent has never returned the $1,500.00 to Ms. Nelson.

Respondent failed to maintain any records concerning his representation of Ms. Nelson. On December 18, 2012, Respondent stated to Edwin Karr, an Investigator with the Attorney Grievance Commission, that he has no records to demonstrate that he earned the $1,500.00 or that the $1,500.00 was reasonable. Respondent also stated to Mr. Karr that he no longer had Ms. Nelson's case file.

Respondent failed to deposit the $1,500.00 into a trust account upon receipt. Respondent did not have Ms. Nelson's informed consent, confirmed in writing, to a different arrangement. Additionally, Respondent failed to perform any meaningful services in furtherance of the representation of Ms. Nelson to earn the $1,500.00 fee.

Based upon these findings, Judge Greenberg determined that Respondent violated

Rules 1.1, 1.3 and 8.4(a) and (d) by failing to perform legal work of value for Ms. Nelson

and by retaining an undeserved fee:

Failing to pursue a client's case after taking a fee, even if the attorney knows what to do, violates Rule 1.1. *See Attorney Grievance Commission v. McCulloch*, 404 Md. 388, 397-98, 946 A.2d 1009, 1015 (2008) (quoting *Attorney Grievance Commission v. Guida*, 391 Md. 33, 54, 891 A.2d 1085, 1097 (2006)) ("Compliance with [Rule 1.1] requires more than knowing what to do. It requires applying the knowledge to the client's problem. The Court of Appeals has said, "Evidence of a failure to apply the requisite thoroughness and/or preparation in representing a client is sufficient alone to support a violation of Rule 1.1.'"). Failures in pursuing a client matter also demonstrate a lack of "diligence and promptness" in violation of Rule 1.3. *McCulloch, id.* ("The evidence shows that respondent failed to act with 'diligence and promptness' as required by Rule 1.3, for the same reasons discussed under Rule 1.1…'"). As in *McCulloch* and *Guida*, Respondent

5

took a fee from Ms. Nelson and aside from filing a deficient motion, essentially abandoned the representation. Therefore, Respondent violated Rules 1.1, 1.3 and 8.4(a) and (d). *See McCulloch, id.* at 401, 946 A.2d at 1017 ("Respondent's failure to pursue her client's objectives…communicate with her client, or refund an unearned fee are all prejudicial to the administration of justice.")' *Attorney Grievance Commission v. Gerace*, 433 Md. 632, 645, 72 A.3d 567, 574-575 (2013) (Citing *Attorney Grievance Commission v. Nelson*, 425 Md. 344, 363, 40 A.3d 1039, 1050 (2012) ("Rule 8.4(a) is violated when other Rules of Professional conduct are breached."))

Judge Greenberg determined, additionally, that Respondent violated Rule 1.4(a)(2)

by failing to keep Ms. Nelson reasonably informed about her case:

> Respondent failed to communicate with Ms. Nelson in order to keep her reasonably informed about the status of her case. Following Ms. Nelson's final payment toward the $1,500.00 retainer, Ms. Nelson believed that Respondent was proceeding with her case, which included filing a motion to vacate the order of default that had been entered in her case. Ms. Nelson learned that Respondent had not done anything to proceed with the representation when she received correspondence from the court indicating that the order of default had not been vacated. When she contacted Respondent, Respondent conceded that he had not filed the appropriate motion. When Ms. Nelson contacted the clerk's office thereafter, she learned that Respondent had not entered his appearance as her attorney, which was why she, and not Respondent, was receiving court correspondence. When she contacted Respondent again, Respondent assured Ms. Nelson that he would take care of the deficiencies. Respondent never did so, however, and failed to inform Ms. Nelson that he had not done anything to advance the representation or resolve the procedural deficiencies. After Respondent had filed the deficient motion to vacate, Respondent failed to inform Ms. Nelson that he had not filed a corrected motion. Respondent also never informed Ms. Nelson that he would be unable to do so, that he had relocated to Georgia since the commencement of the representation, or that he would have difficulties in representing her adequately. Consequently, Respondent violated Rule 1.4(a)(2).

Judge Greenberg also found that Respondent violated Rules 1.5(a), 1.15(a) and (c),

and 1.16(d). Judge Greenberg found that the $1,500.00 fee, although not unreasonable on

6

receipt, became unreasonable in violation of Rule 1.5(a), when Respondent failed to perform any legal services benefitting Ms. Nelson.

Judge Greenberg concluded, additionally, that Respondent's actions of depositing the unearned fee in an account other than an attorney trust account, subsequently abandoning the representation of Ms. Nelson and failing to refund the unearned fee violated Rules 1.15(a) and (c) and Rule 1.16(d):

> The $1,500.00 fee paid to Respondent by Ms. Nelson for the representation, while not on its face unreasonable, became unreasonable because Respondent failed to provide any meaningful services of value to earn the fee and failed to return the fee. Respondent's conduct in this regard violated Rule 1.5(a). *See Guida, id.* at 52-53, 891 A.2d at 1096-97 (2006) ("although $735.00 as a fee for a relatively straightforward adoption may not be unreasonable on its face, in the context of Guida's failure to perform the services to any meaningful degree…the fee became unreasonable."). Additionally, Respondent's failure to deposit and maintain this money in an Attorney Trust Account, without the written informed consent from Ms. Nelson to do something different with the money, violates Rule 1.15(a) and (c) of the MLRPC.
>
> ***
>
> Respondent's failure to withdraw from the representation and failure to return the unearned fee to Ms. Nelson represents a violation of Rule 1.16(d).

Judge Greenberg, finally, determined that Respondent violated Rules 8.4(c) and (d) by depositing the unearned fee into an account other than an attorney trust account, by failing to perform any legal work of value for Ms. Nelson and by failing to refund the fee:

> Lastly, Respondent took $1,500.00 and did not perform any legal services in exchange for that payment. As noted above, Respondent did not deposit this money into an ATA, did not earn the $1,500.00 fee, and did not refund the $1,500.00 to Ms. Nelson at any time. Respondent's conduct in this regard violates Rule 8.4(c) and (d). *See, e.g., Attorney Grievance Commission v. Gallagher*, 371 Md. 673, 712, 810 A.2d 996, 1019 (2002) ("This Court has consistently found misappropriation of client funds and

deceit to constitute a violation of MRPC 8.4(c)") (additional citations omitted).

Judge Greenberg noted, additionally, that Respondent presented no mitigating circumstances for his behavior:

> As the Respondent did not appear at the hearing, no evidence was presented regarding any remedial action relevant to the allegations, and the court makes no findings in that regard. It does note, however, that Respondent did not respond to [the] Request [for Admission of Facts and Genuineness of Documents], and thereby agreed that he could present no mitigating circumstances related to his conduct.

(internal citations to evidentiary exhibits omitted). Respondent also failed to appear at oral argument before this Court on September 3, 2014.

"This Court has original and complete jurisdiction over attorney discipline proceedings in Maryland." *Attorney Grievance v. O'Leary*, 433 Md. 2, 28, 69 A.3d 1121, 1136 (2013), quoting *Attorney Grievance v. Chapman*, 430 Md. 238, 273, 60 A.3d 25, 46 (2013). We conduct an independent review of the record and we accept the hearing judge's findings of fact unless shown to be clearly erroneous. *Attorney Grievance v. Lara*, 418 Md. 355, 364, 14 A.3d 650, 656 (2011). "If no exceptions are filed, we may treat the hearing judge's findings of fact as established for the purpose of determining the appropriate sanction" pursuant to Rule 16-759(b)(2)(A).[10] *Id.* We conduct a *de novo*

---

[10] Rule 16-759(b)(2)(A) states:
> (2) Findings of fact. (A) If no exceptions are filed. If no exceptions are filed, the Court may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any.

8

review of the hearing judge's conclusions of law. Rule 16-759(b)(1);[11] *O'Leary*, 433 Md. at 28, 69 A.3d at 1136.

Bar Counsel has not filed any exceptions to Judge Greenberg's findings of fact and conclusions of law and recommends disbarment. Respondent has not filed any exceptions. As a result, we accept Judge Greenberg's findings of fact as established for the purpose of determining an appropriate sanction. Rule 16-759(b)(2)(A). Upon our *de novo* review of the record, we agree with Judge Greenberg that Respondent violated Rules 1.1, 1.3, 1.4(a)(2), 1.5(a), 1.15(a) and (c), 1.16(d), and 8.4(a), (c), and (d).

Rule 1.1 "requires an attorney to provide competent representation to his/her client by applying the appropriate knowledge, skill, thoroughness, and preparation to the client's issues." *Attorney Grievance v. Shakir*, 427 Md. 197, 205, 46 A.3d 1162, 1167 (2012). "Evidence of a failure to apply the requisite thoroughness and/or preparation in representing a client is sufficient alone to support a violation of Rule 1.1." *Attorney Grievance v. McCulloch*, 404 Md. 388, 398, 946 A.2d 1009, 1015 (2008), quoting *Attorney Grievance v. Guida*, 391 Md. 33, 54, 891 A.2d 1085, 1097 (2006). We have previously noted that "a failure to appear at a client's hearing is a complete failure of representation." *Shakir*, 427 Md. at 205, 46 A.3d at 1167, citing *Attorney Grievance v. Harris*, 366 Md. 376, 403, 784 A.2d 516, 531 (2001). Here, Respondent filed a motion to vacate on Ms. Nelson's behalf that failed to contain a certificate of service and was filed without the

---

[11] Rule 16-759(b)(1) states:
> (b) **Review by Court of Appeals.** (1) Conclusions of law. The Court of Appeals shall review de novo the circuit court judge's conclusions of law.

9

requisite attorney appearance fee. He did not correct the deficiency when asked and, thereafter, abandoned representation. Respondent, additionally, failed to appear on behalf of Ms. Nelson at a hearing. Accordingly, we agree with Judge Greenberg that Respondent failed to competently represent Ms. Nelson; therefore, he violated Rule 1.1.

Rule 1.3 requires an attorney to act with diligence and promptness in representing his or her client. *McCulloch*, 404 Md. at 398, 946 A.2d at 1015. Similar to Rule 1.1, an "attorney violates Rule 1.3 when he or she does 'nothing whatsoever to advance the client's cause or endeavor.'" *Attorney Grievance v. De La Paz*, 418 Md. 534, 554, 16 A.3d 181, 193 (2011), quoting *Attorney Grievance v. Bahgat*, 411 Md. 568, 575, 984 A.2d 225, 229 (2009). In *Attorney Grievance v. Tinsky*, we determined Tinsky violated Rule 1.3 when he did not act with reasonable diligence in his representation of a client by waiting two years to file a bankruptcy petition, failing to correct the petition's deficiencies, and failing to file a necessary motion. 377 Md. 646, 651, 835 A.2d 542, 544-45 (2003). Here, Respondent's failure to correct the omissions in the deficient motion he filed and his failure to appear on Ms. Nelson's behalf at her hearing violated Rule 1.3.

Rule 1.4(a)(2) requires an attorney to keep a client reasonably informed about the status of his or her case. An attorney violates 1.4(a)(2) when he or she fails to communicate with a client that he or she has terminated representation or fails to respond to a client's repeated requests for information. *See Attorney Grievance v. Costanzo*, 432 Md. 233, 254, 68 A.3d 808, 820 (2013) (attorney violated 1.4(a)(2) by failing to communicate with his client that a settlement offer was rejected and by failing to respond to his client's repeated requests for information). Here, Respondent failed to communicate to Ms. Nelson that he

did not correct the inadequate pleading he filed on her behalf and that he had not done anything to advance his representation of her. He, additionally, did not inform Ms. Nelson that he would not be able to competently represent her or refile the motion, as he had relocated to Georgia since beginning her representation. Respondent's failure to communicate with Ms. Nelson is, therefore, a violation of Rule 1.4(a)(2).

Under Rule 1.5(a), an attorney may not charge an unreasonable fee. An advance fee given in anticipation of legal service that is reasonable at the time of the receipt can become unreasonable if the attorney does not perform the agreed-upon services. *Guida*, 391 Md. at 52-53, 891 A.2d at 1096-97; *see also Shakir*, 427 Md. at 205, 46 A.3d at 1167 (attorney violated 1.5(a) when he accepted a fee and then failed to perform the agreed-upon services on the client's behalf). Respondent's $1,500.00 fee became unreasonable when he failed to provide Ms. Nelson with any legal services of value. Respondent, consequently, violated Rule 1.5(a).

Rules 1.15(a) and (c) require that an attorney deposit advance fees into an attorney trust account unless the client gives informed consent in writing to a different arrangement, and additionally, require that an attorney keep records of the fees. We have noted:

> Funds given in anticipation of future legal services qualify as trust money and, accordingly, are to be deposited in trust accounts separate from the attorney's property, to be removed promptly by the attorney as earned. To deposit such trust money into the attorney's personal or operating accounts before the fees are earned constitutes a violation of MRPC 1.15(a).

*Attorney Grievance v. Webster*, 402 Md. 448, 463-64, 937 A.2d 161, 170 (2007), quoting *Guida*, 391 Md. at 53, 891 A.2d at 1097. Regardless of if an attorney deposits unearned fees into a personal or operating account, he or she must have the consent of the client.

11

*Shakir*, 427 Md. at 206, 46 A.3d at 1167 (attorney violated Rule 1.15(c) when he failed to deposit unearned fees into attorney trust account without client consent although the record did not indicate whether it was a personal or operations account). Here, Respondent deposited Ms. Nelson's fee in an account other than an attorney trust account without the written informed consent of Ms. Nelson and failed to keep any sort of record of the transaction, and therefore violated Rules 1.15(a) and (c).

Rule 1.16(d) provides that an attorney must refund unearned fees upon termination of representation. Respondent failed to refund Ms. Nelson the unearned $1,500.00 fee after she terminated his representation which constitutes a violation of Rule 1.16(d). *See Shakir*, 427 Md. at 206, 46 A.3d at 1167 (attorney violated 1.16(d) by not refunding unearned fees after representation was terminated).

Rule 8.4 generally prohibits attorney misconduct. Subsection (c) of Rule 8.4 states that it is professional misconduct for an attorney to engage in conduct that involves dishonesty, fraud, deceit or misrepresentation. "The retention of unearned fees paid by a client, alone, may constitute a violation of Rule 8.4(c)." *Attorney Grievance v. McLaughlin*, 372 Md. 467, 502-03, 813 A.2d 1145, 1166 (2002) (holding that an attorney violated Rule 8.4(c) when the attorney retained unearned fees from four clients); *see also Attorney Grievance v. Gallagher*, 371 Md. 673, 712, 810 A.2d 996, 1019 (2002) (holding an attorney violated Rule 8.4(c) when the attorney made misrepresentations about holding two clients' money in trust). Here, Respondent accepted a $1,500.00 fee, deposited the fee into an account other than an attorney trust account and did not perform any legal services in

exchange for the fee. He, thereafter, failed to return the fee to Ms. Nelson. We agree with Judge Greenberg that Respondent's actions violate Rule 8.4(c).

An attorney violates Subsection (d) of Rule 8.4 when he or she "engage[s] in conduct that is prejudicial to the administration of justice." We have previously held that an attorney violates Rule 8.4(d) when he or she willfully fails to attend a hearing on behalf of his or her client. *See Shakir*, 427 Md. at 206, 46 A.3d at 1168; *Attorney Grievance v. Dominguez*, 427 Md. 308, 325-26, 47 A.3d 975, 985 (2011). An attorney can also violate 8.4(d) by failing to pursue his or her client's objectives, failing to communicate with his or her client, or withholding unearned fees. *See McCulloch*, 404 Md. at 401, 946 A.2d at 1017; *Tinsky*, 377 Md. at 651, 835 A.2d at 545 (holding that an attorney violated Rule 8.4(d) when he failed to perform "any effective action on behalf of his client"). Here, Respondent did not appear on behalf of Ms. Nelson at a hearing on June 19, 2012, failed to perform any legal services in exchange for the $1,500.00 fee and did not return the unearned fee to Ms. Nelson. Respondent thus violated 8.4(d).

Subsection (a) of Rule 8.4 states that it is professional misconduct for an attorney to violate the Rules. Rule violations, by themselves, are sufficient to support a violation of Rule 8.4(a). *See Dominguez*, 427 Md. at 323-24, 47 A.3d at 984, citing *Attorney Grievance v. Seltzer*, 424 Md. 94, 114, 34 A.3d 498, 510 (2011); *see also Attorney Grievance v. Gerace*, 433 Md. 632, 645, 72 A.3d 567, 574-75 (2013), citing *Attorney Grievance v. Nelson*, 425 Md. 344, 363, 40 A.3d 1039, 1050 (2012) ("Rule 8.4(a) is violated when other Rules of Professional Conduct are breached."). As stated above, Respondent has violated numerous other Rules, and therefore, has violated Rule 8.4(a). In summary, we agree with

13

Judge Greenberg that Respondent violated Rules 1.1, 1.3, 1.4(a)(2), 1.5(a), 1.15(a) and (c), 1.16(d), and 8.4(a), (c), and (d).

We next turn to determining the appropriate sanction. Bar Counsel recommends disbarment in the present case because of Respondent's "flagrant neglect of his client affairs" and "complete disregard for the attorney discipline process and his ability to practice law in Maryland" and emphasizes Respondent's abandonment of representation after collecting a fee and failure to respond to Bar Counsel's Petition for Disciplinary or Remedial Action.

It is well settled that the purpose of attorney discipline is for the protection of the public, not punishment of the erring attorney. *Attorney Grievance v. Coppola*, 419 Md. 370, 404, 19 A.3d 431, 451 (2011), citing *Attorney Grievance v. Goff*, 399 Md. 1, 30, 922 A.2d 554, 571 (2007). "[I]mposing a sanction protects the public interest 'because it demonstrates to members of the legal profession the type of conduct which will not be tolerated.'" *Gallagher*, 371 Md. at 714, 810 A.2d at 1020, quoting *Attorney Grievance v. Mooney*, 359 Md. 56, 96, 753 A.2d 17, 38 (2000) (citation omitted). We evaluate an attorney grievance matter on its own merits, considering the particular facts and circumstances in order to determine an appropriate sanction. *Coppola*, 419 Md. at 404, 19 A.3d at 451, citing *Attorney Grievance v. Bleeker*, 414 Md. 147, 176, 994 A.2d 928, 945 (2010). We also look to the "presence or absence of mitigating factors and the prior disciplinary history of the attorney…particularly as it reveals the presence or absence of misconduct of the same, or similar, kind to that being addressed." *McCulloch*, 404 Md. at 402, 946 A.2d at 1018 (internal citations omitted).

14

We have imposed disbarment as the appropriate sanction "[i]n cases involving flagrant neglect of client affairs, including failure to communicate with clients or respond to inquiries from Bar Counsel". *Attorney Grievance v. Kremer*, 432 Md. 325, 338, 68 A.3d 862, 870 (2013), quoting *Lara*, 418 Md. at 365, 14 A.3d at 657; *see also Attorney Grievance v. Dunietz*, 368 Md. 419, 431, 795 A.2d 706, 712 (2002) (attorney's "continuing disregard for the attorney grievance process, his apparent indifference to the tenets of his chosen profession, the dereliction of his duties to his client, and his ostensible lack of remorse for his misconduct" warranted disbarment). In *Attorney Grievance v. Lara*, we imposed disbarment when an attorney obtained advance fee payments from two clients, deposited the fees in a personal account rather than in trust, failed to perform any legal work on their behalf and ultimately abandoned his legal practice without informing the clients or returning the unearned fees in violation of Rules 1.3, 1.4(a) and (b), 1.15(a), (c), and (d), 1.16(d) and 8.4(a) and (d). 418 Md. at 364-65, 14 A.3d at 656. We noted that the attorney's behavior was "exacerbated by his complete failure to respond to Bar Counsel's investigation". *Id*. at 365, 14 A.3d at 657.

In a similar case, *Attorney Grievance v. Tinsky*, we disbarred an attorney for violations of Rules 1.1, 1.3, 1.4, 1.16(d) and 8.4(d) when he failed to appear on a client's behalf on two occasions in a criminal case, failed to adequately represent another client in a bankruptcy matter, failed to refund unearned fees, and abandoned his law practice. 377 Md. at 650-51, 835 A.2d at 544-45. In *Tinsky*, we addressed two separate client complaints. In a bankruptcy matter Tinsky did not adequately represent a client after the client paid Tinsky $925.00 to file a Chapter 7 bankruptcy petition. Tinsky failed to file the bankruptcy

15

petition for two years and did not attach the required schedules and statement of financial affairs to the petition. The Bankruptcy Court notified Tinsky of the omission, but he failed to correct the petition. The Bankruptcy Court dismissed the petition, and Tinsky did not refund the fee, "although the services rendered to [the client] were of no value to him." *Id.* at 650, 835 A.2d at 544. Tinsky, thereafter, closed his law office without informing his client. In a separate criminal matter, Tinsky failed to appear at a client's trial twice in the client's two cases and did not refund the client's fee or inform the client that he was closing his law office. Tinsky further failed to respond to Bar Counsel's Petition for Disciplinary Action, and an Order of Default was entered against him. We determined that disbarment was the appropriate sanction and that Tinsky "betrayed the trust that his clients placed in him when [his clients] sought his assistance and the public trust with which he was endowed when he was admitted to the Bar of this Court". *Id.* at 655-56, 835 A.2d at 547.

In *Attorney Grievance v. Logan*, we determined that an attorney's misconduct in abandoning his client and failing to answer Bar Counsel's inquiries warranted the ultimate sanction of disbarment. 390 Md. 313, 319-20, 888 A.2d 359, 363-64 (2005). In violation of Rules 1.3, 1.4(a), and 8.4(a) and (d), Logan abandoned his client after a contentious e-mail exchange, declined any further communication, and failed to return original documents to the client. Logan, additionally, violated Rule 5.5 for his unauthorized practice of law and Rule 8.1 for his failure to respond to three letters from Bar Counsel. Thereafter, Logan did not respond to Bar Counsel's Petition for Disciplinary or Remedial Action. We agreed with Bar Counsel that disbarment was the proper sanction when Bar Counsel argued:

16

> For reasons unknown, the Respondent has chosen to ignore this Court's disciplinary authority over him, initially by not answering Bar Counsel's attempts to obtain a response to the [client's] complaint and thereafter by failing to file an answer in this proceeding. The Respondent has not otherwise attempted to present any explanatory information in response to the charges. Having offered no justification for a less severe sanction, the Respondent should be disbarred.

*Id.* at 320, 888 A.2d at 363.

In *Attorney Grievance v. Faber*, we imposed disbarment as a sanction when Faber violated Rules 1.1, 1.3, 1.4(a) and (b) by accepting a $650.00 advance fee payment in a bankruptcy matter, and thereafter failing to file the bankruptcy petition or inform his client that he did not file it. 373 Md. 173, 177-78, 817 A.2d 205, 207-08 (2003). In a separate matter, Faber again failed to file a bankruptcy petition on behalf of a client after accepting payment from the client. We noted that Faber's behavior "evidence[d] an inexcusable pattern of neglect of client matters, failure to communicate with clients, and failure to terminate representation so as reasonably to protect client interests" and accordingly disbarred him. *Id.* at 183, 817 A.2d at 211.

Accordingly, disbarment is the appropriate sanction in this case.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16-761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST FLOYD REYNARD BLAIR.**

17